```
             UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                              CRIMINAL ACTION NO. 2:16-00012-02

**DENNIS WALLS**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On June 26, 2018, the United States of America appeared by J. Matthew Davis, Assistant United States Attorney, and the defendant, Dennis Walls, appeared in person and by his counsel, Gregory J. Campbell, for a hearing on the petition seeking revocation of supervised release and amendment thereto submitted by United States Probation Officer M. Dylan Shaffer. The defendant commenced a three-year term of supervised release in this action on September 28, 2016, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on July 11, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant possessed marijuana on April 2, 2018; (2) the defendant failed to report to the probation officer on March 22, 2018; (3) the defendant failed to work regularly at a lawful occupation inasmuch as he quit his job on May 1, 2017, at Taco Bell and has failed to obtain employment since that time; (4) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on December 26, 2017, for methamphetamine; his admission to the probation officer on January 8, 2018, that he had used methamphetamine weekly; his admission to the probation officer on January 3, 2017, that he consumed Xanax and Lortab without a prescription on December 29, 2016; and his admission to the probation officer on May 17, 2018, that he had used heroin, marijuana and Xanax; (5) the defendant failed to timely notify the probation officer of his arrest on April 2, 2018; (6) the defendant failed to attend individual substance counseling sessions as directed on November 7, December 12 and 19, 2016, and for the months of March, June, July, August, September, October, November 2017; and January, February and March 2018; (6) the defendant failed to attend

intensive outpatient substance abuse group counseling sessions as instructed on the 48 occasions set forth in Violation No. 7; (7) the defendant failed to report for urine screens as instructed on the 16 occasions set forth in Violation No. 7; (8) the defendant failed to enter residential substance abuse treatment at Prestera Center as directed on December 30, 2016, inasmuch as he reported to the center intoxicated and was not accepted into the program; and (9) the defendant failed to enter a residential drug treatment program as instructed by the probation officer on the 10 occasions set forth in Violation No. 8; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **EIGHT (8) MONTHS**, to be followed by a term of twenty-eight (28) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he participate in and successfully complete the 9 to 12 month residential drug treatment program at Recovery Point or, if unavailable, a comparable program to be designated by the probation officer, where he shall follow the rules and regulations of the facility, and participate in drug abuse counseling and treatment as directed by the probation officer. The defendant shall report directly, without interruption, from his place of incarceration to the designated facility.

The defendant was remanded to the custody of the United States Marshal.

<u>Recommendation</u>:  The court recommends that the defendant be designated to an institution as close to Charleston, West Virginia, as feasible.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  July 2, 2018

John T. Copenhaver, Jr.
United States District Judge